# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **ROY VANNORTRICK** | **CIVIL ACTION NO. 14-2473-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **ROBERT WYCHE, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Roy Vannortrick ("Plaintiff"), pursuant to 42 U.S.C. § 1983.  This complaint was received and filed in this court on August 12, 2014.   Plaintiff is incarcerated at the Caddo Correctional Center in Shreveport, Louisiana, and claims his civil rights were violated by prison officials.   He names Robert Wyche, Sheila Wright, David Nelson, the Caddo Correctional Center Nursing Staff, Sheriff Steve Prator, and the Caddo Correctional Center as defendants.

Plaintiff claims that on December 20, 2013, he developed a staph infection in his right eye.  He claims the infection was painful.  He claims Dr. Nelson mis-diagnosed his staph infection as a spider bite.  He claims that on December 22, 2013, he went to the medical department to check his blood sugar and notified the nurse about his eye infection.

He claims the nurse thought he had a pimple and squeezed it.  He claims that when the nurse did this, the infection spread and caused him to lose his vision in his right eye for more than a year.  He claims the nurse started him on antibiotics.

Plaintiff claims that from December 20, 2013 until December 23, 2013, the CCC medical department denied him treatment at University Health.  He claims that his condition worsened because the CCC medical staff did not think that he had a staph infection. Plaintiff claims that on December 23, 2013, he was examined at University Health and the doctor determined that he had a staph infection. He claims his eye was lanced and packed with gauze.  He claims he was placed on IV antibiotics from December 23, 2012 until December 27, 2013.  He claims that on December 27, 2013, he was discharged from University Health and prescribed antibiotics for ten days, Loratab for pain, artificial tear drops, and ointment.

Plaintiff claims that his packing had to be changed every day.  He claims that after he took four Loratab, the remainder of his prescription disappeared.  He claims he was told that his prescription had run out.

Plaintiff claims that on January 10, 2014, he was hospitalized for three days because the staph infection returned because of unsanitary conditions.

Plaintiff claims that in February of 2014, he was examined by an eye doctor.  He claims that on January 20, 2015, he had eye surgery.

Plaintiff claims he still does not have complete vision in his right eye.

Plaintiff claims the staph infection was caused by the unsanitary conditions at Caddo

Page 2 of  8

Correctional Center.

Plaintiff filed a grievance in the administrative remedy procedure regarding his complaint, but that grievance was rejected at the first step as untimely.

Accordingly, Plaintiff seeks sanitary conditions and monetary compensation.

## LAW AND ANALYSIS

**Medical Care**

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law.  The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); See also Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994).  It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. Estelle, 429 U.S. at 105-06, 97 S. Ct. at 292; See also Gregg v. Georgia, 428 U.S. 153, 96 S. Ct. 2909 (1976).  Further, the plaintiff must establish that the defendants possessed a

culpable state of mind.  See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84.

A delay in medical care will violate the Eight Amendment only if the delay is based on deliberate indifference and results in substantial harm.  Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).  In addition, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs.  To the contrary, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff.  It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs.  Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997);  Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992).

Plaintiff admits that after he developed the infection on December 20, 2013, he was seen by Dr. Nelson.  He admits that on December 22, 2013, he was examined by a nurse who treated his eye.  He admits that from December 23, 2013 until December 27, 2013, he was admitted to University Health and provided treatment.  He admits that his packing was changed every day.  Plaintiff admits that from January 10, 2014 until January 12, 2014, he

was again hospitalized for his eye infection.  He admits that in February of 2014, he was examined by an eye doctor.  Plaintiff admits that on January 20, 2015, he had eye surgery. Plaintiff's complaint is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton." Plaintiff does not allege how the several day delay in receiving proper treatment for his eye infection was based on deliberate indifference.

Plaintiff disagrees with the treatment Defendants provided him.  He claims he should have been immediately transferred to University Health.  As previously discussed, disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a claim for Eighth Amendment indifference to medical needs.

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort.  However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988).  The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992).  Accordingly, Plaintiff's medical care claims should be dismissed with prejudice as frivolous.

**Conditions of Confinement**

Plaintiff complains the conditions at Caddo Correctional Center were unsanitary and caused his staph infection.  Section 1983 plaintiff has long been required to plead his case with "factual detail and particularity," not mere conclusory allegations.  Elliot v. Perez, 751 F.2d 1472, 1473 (5th Cir. 1985); Hale v. Harney, 786 F.2d 688 (5th Cir. 1986).  The Supreme Court has abolished this heightened pleading standard for claims against municipalities, Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160 (1993), but the requirement remains firmly in place for claims against individual public officials.  See Schultea v. Wood, 47 F.3d 1427 (5th Cir.1995) (en banc).

In this case, Plaintiff has named individual prison officials as defendants and is therefore required to give factual details regarding his alleged constitutional rights violations.  Plaintiff has failed to do so.  Accordingly, this claim should be dismissed for failure to state a claim on which relief may be granted.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may

dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact.  See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the  time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 28th

day of September 2015.

Mark L. Hornsby
U.S. Magistrate Judge